UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ESHAQ M. NAWABI, individually and d/b/a, NAWABI ENTERPRISE, and HYPERION CONSULTING INC.,<br><br>Defendants. | No. 2:22-cv-00717 KJM-JDP<br><br>ORDER |

    Plaintiff Commodity Futures Trading Commission moves to strike defendant Eshaq Nawabi's response to this court's preliminary injunction and Nawabi moves for limited relief from the preliminary injunction's asset freeze. For the reasons below, the **court grants the Commission's motion to strike finding Nawabi's filing to be improper and redundant, and dismisses Nawabi's motion for limited relief without prejudice.**

## I.  BACKGROUND

Plaintiff Commodity Futures Trading Commission ("Commission") has brought this securities action under the Commodity Exchange Act and Commission regulations against defendants Eshaq Nawabi, Nawabi Enterprise and Hyperion Consulting Inc.  Compl. at 1, ECF No. 3.  This court initially granted the Commission's request for an ex parte statutory restraining order, which included an asset freeze against defendants.  SRO Order at 3–4, ECF No. 8-1 .  Following a preliminary injunction hearing, Mins. Hr'g, ECF No. 14, the court granted a preliminary injunction against defendants, which continued the asset freeze and enjoined defendants from "directly or indirectly withdrawing, transferring, removing, dissipating, or otherwise disposing of any Assets . . . ."  Preliminary Injunction at 3, ECF No. 33.  The court entered this injunction subject generally to Nawabi's Fifth Amendment objections.  *Id.* at 2; *see also* Response, ECF No. 35 (raising Fifth Amendment objections).  In a separate order, the court directed the parties to file a joint status report proposing a process by which Nawabi would assert his specific Fifth Amendment objections.  Prior Order (Oct. 5, 2022), ECF No. 32.  The parties complied.  Joint Status Report, ECF No. 34.  Under their proposal, Nawabi's Fifth Amendment objections would be referred to a magistrate judge for resolution.  *Id.* at 2.  In an order it issued after Nawabi's response to the preliminary injunction, the court approved the proposal.  Prior Order (Jan. 30, 2023), ECF No. 56.

In his response to the preliminary injunction, Nawabi also requested relief from the asset freeze "for ordinary and necessary living expenses and personal property." Response at 2–3.  The Commission filed a motion to strike this response, stating Nawabi "improperly s[ought] modification" of the preliminary injunction and did not follow the procedures agreed to by the parties in asserting his Fifth Amendment rights.  Mot. to Strike at 3, ECF No. 38.  Nawabi opposed this motion, Opp'n to Mot. to Strike, ECF No. 42, and the Commission replied, Reply Supporting Mot. to Strike, ECF No. 43.

Nawabi then filed his motion asking this court for limited relief from the asset freeze, stating the freeze is "draconian" and bars Nawabi from the "ability to buy food, pay minimal living expenses, and pay counsel to protect his rights."  Mot. for Limited Relief, ECF No. 45;

2

Mem. Supporting Mot. for Limited Relief at 2, ECF No. 45-1.  The Commission opposed this motion.  Opp'n to Mot. for Limited Relief, ECF No. 47.

Separately, the Commission filed a motion for entry of a consent order imposing a permanent injunction and other equitable relief against defendants consented to by all parties. Mot. for Consent Decree, ECF No. 44.  This court entered the decree, which settled all charges alleged in the complaint other than the issue of damages and included a permanent injunction enjoining defendants from trading commodity interests. Consent Decree, at 2, 19, ECF No. 50. The permanent injunction does not address the prior asset freeze.[1]  *See generally id.*

The court held a combined hearing and scheduling conference on January 27, 2023. James Holl, III appeared for the Commission and Stanley Morris appeared for Nawabi.  The court now addresses the motion to strike and motion for limited relief, in turn.

## II.  MOTION TO STRIKE

### A.  Legal Standard

Federal Rule of Civil Procedure 12(f) provides "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded [and] [i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal marks omitted) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706–07, 711 (1990)), *rev'd on other grounds*, 510 U.S. 517 (2004).

The granting of a" motion to strike may be proper if it will make trial less complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues." *Taheny v. Wells Fargo Bank, N.A.*, No. 10-2123, 2011 WL 1466944, at *2 (E.D. Cal. Apr. 18, 2011) (citing *Fantasy*, 984 F.2d at 1527-28).  However, "[m]otions to strike are disfavored and . . . 'should not be granted unless it is clear that the matter to be stricken could have no possible

---

[1] At the January hearing, the parties agreed the preliminary injunction remains in effect to the extent it includes directives not covered in the permanent injunction.  Mins. Hr'g, ECF No. 54.

3

bearing on the subject matter of the litigation.'" *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (citations and internal marks omitted). In ruling on a motion to strike, a "court[ ] may not resolve disputed and substantial factual or legal issues . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation omitted).

### B.  Analysis

The Commission moves to strike Nawabi's response to the court's preliminary injunction order. First, the Commission construes Nawabi's response as a motion to modify or reconsider the preliminary injunction and argues Nawabi did not comply with federal and local rules in making his filing, so construed. Mot. to Strike at 3–4. Second, the Commission argues Nawabi's Fifth Amendment objections do not comply with the process agreed upon and memorialized by the parties. *Id.* at 4. The Commission is correct on both points.

The court construes Nawabi's response as a request for reconsideration or modification of the preliminary injunction because Nawabi asks the court for limited relief from the injunction for "ordinary and necessary living expenses." Response at 2. Because this request does not meet the requirements for presenting a motion, *see* E.D. Cal. L.R. 230, and Nawabi has since properly filed a motion requesting relief from the asset freeze, Mot. for Limited Relief, the court exercises its inherent authority to **strike this filing as improper and unauthorized**. *See Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) ("A district court possesses inherent power over the administration of its business. It has inherent authority . . . to promulgate and enforce rules for the management of litigation."); Fed. R. Civ. P. 7(b).

Nawabi also argues compliance with the preliminary injunction would violate his Fifth Amendment rights and in this filing re-asserts these rights "in the broadest possible manner." Response at 4. As discussed above, the court previously acknowledged Nawabi's assertion of his Fifth Amendment rights, Prior Order (Oct. 5, 2022), and has since approved the parties' proposed process for adjudicating any Fifth Amendment objections, Prior Order (Jan. 30, 2023). Unless or until that process is modified, Nawabi must avail himself of it. The court **strikes this portion of Nawabi's response for the additional reason that it is redundant**. Fed. R. Civ. P. 12(f).

4

### III. MOTION FOR LIMITED RELIEF

District courts have discretion over the imposition of, and granting of relief from, an asset freeze. *Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 562-63 (9th Cir. 1992); *F.T.C. v. Trek All.*, Inc., 81 Fed. Appx. 118, 119 (unpublished) (9th Cir. 2003) ("[T]he district court did not abuse its discretion in deciding that modification of the [asset freeze] order was not warranted in the circumstances . . . ."). "In exercising this discretion, courts tend to look for evidence of the defendant's overall assets or income." *S.E.C. v. Priv. Equity Mgmt. Grp., Inc.*, No. 09-2901, 2009 WL 2058247, *3 (C.D. Cal. July 9, 2009).

Here, Nawabi asks for relief from the preliminary injunction's asset freeze "for reasonable and necessary living expenses." Mem. Supporting Mot. for Limited Relief at 2–3. Specifically, he asks the court for relief to access the following assets: (1) "one motor vehicle or proceeds from the sale of motor vehicle up to $3,325"; (2) "ordinarily and reasonably necessary household furnishings"; (3) "materials needed for repair or improvement of a residence up to $3,500"; (4) "jewelry, heirlooms, and works of art up to $8,725"; (5) "personal property necessary to and used in the exercise of trade, business, or profession"; and (6) "earning[s] from any post-asset freeze employment unrelated to the Commodities business and granting such other and further relief as the [c]ourt deems just." Motion for Limited Relief at 2–3. This is the first time Nawabi has said he has a need to access these assets. *See* Partial Opp'n, ECF No. 21 (making no mention of need in prior partial opposition to preliminary injunction).

On this record, the court finds the requested relief is not warranted because Nawabi: (1) has not disclosed the assets that are available to him and (2) has not identified with particularity, in verifiable fashion, the expenses for which he seeks relief. First, Nawabi has refused to cooperate with the Commission and the court's Receiver in identifying and locating various assets, instead asserting his Fifth Amendment right in response to all requests for information. Opp'n to Mot. for Limited Relief at 2. Accordingly, this court has "no information as to the totality of assets available to" Nawabi and no information from which it could make an informed decision about the appropriateness of the relief requested. *Id.* at 3. In its opposition, the Commission points to multiple court decisions that have refused to grant relief from an asset

5

freeze when defendants have not provided financial information, including where the basis of defendants' refusal was the invocation of their Fifth Amendment rights. *See id.* at 3–4 (collecting cases). The court agrees as a matter of principle, that it cannot grant relief from the asset freeze if it cannot first determine what assets are available to Nawabi.

Second, although Nawabi lists several categories of assets he wishes to access, he does not document the expenses he says are necessary with sufficient particularity. For example, Nawabi asks for "personal property necessary to and in the exercise of trade, business, or profession," and "earning[s] from any post-asset freeze employment" but has not identified what business or profession he is engaged in and what exact assets he requires. *See* Mem. Supporting Mot. for Limited Relief at 2–3; Opp'n to Mot. for Limited Relief at 5 n.3. The Commission believes Nawabi is unemployed. Opp'n to Mot. for Limited Relief at 5 n.3. Because the court does not have the information required to determine the validity of Nawabi's request, it **denies Nawabi's motion without prejudice**. *Sec. & Exch. Comm'n v. Bivona*, No. 16-01386, 2016 WL 2996903, at *3 (N.D. Cal. May 25, 2016) (collecting cases where "[c]ourts have refused to modify an asset freeze without evidence of actual need").

IV.   **CONCLUSION**

For the reasons above, the court **grants the Commission's motion to strike, ECF. 38, and denies Nawabi's motion for relief, ECF No. 45, without prejudice.**

This order resolves ECF Nos. 38 and 45.

IT IS SO ORDERED.

DATED: April 14, 2023.

CHIEF UNITED STATES DISTRICT JUDGE