UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>          Plaintiff,<br><br>          v.<br><br>ESHAQ M. NAWABI, individually and d/b/a/ NAWABI ENTERPRISE, and HYPERION CONSULTING, INC.,<br><br>          Defendants. | Civ. Case No. 2:22-cv-00717-KJM JDP<br><br>**CONSENT ORDER FOR CIVIL MONETARY PENALTY AND OTHER EQUITABLE RELIEF** |

## I.   INTRODUCTION

On April 26, 2022, Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") filed a Complaint for Injunctive Relief, Civil Monetary Penalties, Restitution, and Other Equitable Relief ("Complaint") against Eshaq M. Nawabi, individually and d/b/a/ Nawabi Enterprise, and Hyperion Consulting, Inc. (collectively, "Defendants") for violations of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1–26, and the Commission's Regulations ("Regulations") promulgated thereunder, 17 C.F.R. pts. 1–190 (2023). (ECF No. 1).

On December 6, 2022, the Court entered a Consent Order of Permanent Injunction and Other Equitable Relief ("Liability Consent Order") resolving all charges against the Defendants without trial on the merits other than deciding the issue of damages, including disgorgement, restitution, civil monetary penalties, interest, costs, and fees. (ECF No. 50).

## II.   CONSENTS AND AGREEMENTS

To effect settlement as to the sole remaining issue of damages without trial or further judicial proceedings, the Defendants:

1.   Consent to the entry of the Consent Order for Civil Monetary Penalty and Other Equitable Relief ("Damages Consent Order");

2.   Affirm that they have read and agreed to the Damages Consent Order voluntarily,

1
CONSENT ORDER OF CIVIL MONETARY PENALTY AND OTHER EQUITABLE RELIEF

and that no promise, other than as specifically contained herein, or threat, has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to the Damages Consent Order;

3. Acknowledge service of the summons and Complaint;

4. Admit the jurisdiction of this Court over them and the subject matter of this action;

5. Admit the jurisdiction of the Commission over the conduct and transactions at issue in this action pursuant to 7 U.S.C. 13a-1;

6. Consent to the continued jurisdiction of this Court over them for the purpose of implementing and enforcing the terms and conditions of the Damages Consent Order and for any other purpose relevant to this action, even if the Defendants now or in the future reside outside the jurisdiction of this Court;

7. Agree that they will not oppose the enforcement of the Damages Consent Order on the grounds, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and waive any objection thereon;

8. Agree that neither they nor any of their agents or employees under their authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint, the Liability Consent Order, or the Damages Consent Order, or creating or tending to create the impression that the Complaint, the Liability Consent Order, or the Damages Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect their: (a) testimonial obligations; or (b) right to take legal positions in other proceedings to which the Commission is not a party.  Defendants shall comply with this agreement, and shall undertake all steps necessary to ensure that all of their agents and/or employees under their authority or control understand and comply with this agreement;

9. Consent to the entry of the Damages Consent Order without admitting or denying the allegations of the Complaint or any findings or conclusions in the Damages Consent Order, except as to jurisdiction and venue, which they admit;

10. Consent to the use of the findings and conclusions in the Damages Consent Order in this proceeding and in any other proceeding brought by the Commission or to which the

Commission is a party or claimant, and agrees that they shall be taken as true and correct and be given preclusive effect therein, without further proof;

11. Do not consent, however, to the use of the Damages Consent Order, or the findings and conclusions herein, as the sole basis for any other proceeding brought by the Commission or to which the Commission is a party, other than: a statutory disqualification proceeding, a proceeding in bankruptcy or receivership; or a proceeding to enforce the terms of this Order;

12. Agree that no provision of the Damages Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against Defendants in any other proceeding. The Court, being fully advised in the premises, finds there is good cause for entry of the Damages Consent Order and that there is no just reason for delay. The Court therefore directs the entry of Findings of Fact, Conclusions of Law and a permanent injunction and ancillary equitable relief pursuant to 7 U.S.C. § 13a-1, as set forth herein.

### III.  PARTIES TO THE DAMAGES CONSENT ORDER

13. Plaintiff **Commodity Futures Trading Commission** is an independent federal regulatory agency charged by Congress with the responsibility of administering and enforcing the provisions of the Act, 7 U.S.C. §§ 1–26, and the Commission's Regulations promulgated thereunder, 17 C.F.R. pts. 1–190 (2022).

14. Defendant **Eshaq M. Nawabi ("Nawabi")** is a resident of either Salida, California, or Manteca, California. Nawabi is the Chief Executive Officer of Hyperion Consulting Inc. Nawabi also d/b/a Nawabi Enterprise. Nawabi has never been registered with the Commission in any capacity.

15. Defendant **Nawabi Enterprise** is an unincorporated California company. Nawabi listed Nawabi Enterprise's mailing address as a specific location in Salida, California, which, upon information and belief, is also one of Nawabi's home addresses. Nawabi is Nawabi Enterprise's control person. Nawabi Enterprise has never been registered with the Commission in any capacity.

16. Defendant **Hyperion Consulting Inc.,** was incorporated in California on

November 23, 2020. Hyperion's address was listed as either in Tracy, California, or Manteca, California. Nawabi is both Hyperion's Chief Executive Officer ("CEO") and control person. Hyperion has never been registered with the Commission in any capacity.

## IV.   FINDINGS AND CONCLUSIONS

17.   The Findings of fact and Conclusions of Law contained in the Liability Consent Order are incorporated herein by reference and given preclusive effect as provided in the Liability Consent Order.

## V.   RESTITUTION AND CIVIL MONETARY PENALTY

IT IS HEREBY ORDERED that Defendants shall comply fully with the following terms, conditions, and obligations relating to the payment of restitution and civil monetary penalty:

**A. Restitution**

18.   Defendants shall pay, jointly and severally, restitution in the amount of four million five hundred thousand dollars ($4,500,000) ("Restitution Obligation"). If the Restitution Obligation is not paid immediately in full, post-judgment interest shall accrue on the unpaid portion of the Restitution Obligation beginning on the date of entry of the Damages Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of the Damages Consent Order pursuant to 28 U.S.C. § 1961.

19.   To effect payment of the Restitution Obligation and the distribution of any restitution payments to Defendants' pool participants, the Court appoints the National Futures Association ("NFA") as Monitor ("Monitor"). The Monitor shall receive restitution payments from Defendants and make distributions as set forth below. Because the Monitor is acting as an officer of this Court in performing these services, the Monitor shall not be liable for any action or inaction arising from NFA's appointment as Monitor, other than actions involving fraud.

20.   Defendants shall make Restitution Obligation payments, and any post-judgment interest payments, under the Damages Consent Order to the Monitor in the name "NAWABI–SETTLEMENT/RESTITUTION FUND" and shall send such payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, to the Office of Administration, National Futures Association, 320 South Canal Street, 24th

Floor, Chicago, Illinois 60606 under cover letter that identifies the paying Defendants and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

21. The Monitor shall oversee the Restitution Obligation and shall have the discretion to determine the manner of distribution of such funds in an equitable fashion to Defendants' pool participants identified by the CFTC and/or Receiver or may defer distribution until such time as the Monitor deems appropriate. In the event that the amount of Restitution Obligation payments to the Monitor are of a *de minimis* nature such that the Monitor determines that the administrative cost of making a distribution to eligible pool participants is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary penalty payments, which the Monitor shall forward to the CFTC following the instructions for civil monetary penalty payments set forth in Part B, below.

22. Defendants shall cooperate with the Monitor as appropriate to provide such information as the Monitor deems necessary and appropriate to identify Defendants' pool participants to whom the Monitor, in its sole discretion, may determine to include in any plan for distribution of any Restitution Obligation payments. Defendants shall execute any documents necessary to release funds that it has in any repository, bank, investment or other financial institution, wherever located, in order to make partial or total payment toward the Restitution Obligation.

23. The Monitor shall provide the CFTC at the beginning of each calendar year with a report detailing the disbursement of funds to Defendants' pool participants made during the previous year. The Monitor shall transmit this report under a cover letter that identifies the name and docket number of this proceeding to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

24. The amounts payable to each pool participant shall not limit the ability of any pool participant from proving that a greater amount is owed from Defendants or any other person or

entity, and nothing herein shall be construed in any way to limit or abridge the rights of any pool participant that exist under state or common law.

25. Pursuant to Rule 71 of the Federal Rules of Civil Procedure, each pool participant of Defendants who suffered a loss is explicitly made an intended third-party beneficiary of the Damages Consent Order and may seek to enforce obedience of the Damages Consent Order to obtain satisfaction of any portion of the restitution that has not been paid by Defendants to ensure continued compliance with any provision of the Damages Consent Order and to hold Defendants in contempt for any violations of any provision of the Damages Consent Order.

26. To the extent that any funds accrue to the U.S. Treasury for satisfaction of Defendants' Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth above.

**B. Civil Monetary Penalty**

27. Defendants shall pay, jointly and severally, a civil monetary penalty in the amount of four million five hundred thousand dollars ($4,500,000) ("CMP Obligation"). If the CMP Obligation is not immediately paid in full, then post-judgment interest shall accrue on the unpaid portion of the CMP Obligation beginning on the date of entry of the Damages Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of the Damages Consent Order pursuant to 28 U.S.C. § 1961.

28. Defendants' shall pay their CMP Obligation and any post-judgment interest by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> MMAC/ESC/AMK326
> Commodity Futures Trading Commission
> 6500 S. MacArthur Blvd.
> HQ Room 266
> Oklahoma City, OK 73169
> 9-amz-ar-cftc@faa.gov

If payment is to be made by electronic funds transfer, Defendants shall contact Tonia King or her

successor at the address above to receive payment instructions and shall fully comply with those instructions. Defendants shall accompany payment of the CMP Obligation with a cover letter that identifies Defendants and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, DC 20581. Defendants shall also transmit a copy of the cover letter and the form of payment to Rick Glaser, Deputy Director, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, DC 20581.

### C. Provisions Related to Monetary Sanctions

29. **Partial Satisfaction:** Acceptance by the Commission of any partial payment of Defendants' Restitution Obligation or CMP Obligation shall not be deemed a waiver of their obligation to make further payments pursuant to the Damages Consent Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

30. **Asset Freeze:** On April 28, 2022, the court entered an asset freeze order prohibiting the transfer, removal, dissipation and disposal of Defendants' assets ("Asset Freeze Order"). The court hereby lifts the Asset Freeze Order.

### VI. MISCENALLEOUS PROVISIONS

31. Until such time as Defendants satisfy in full their Restitution and CMP Obligations under the Damages Consent Order, upon the commencement by or against Defendants of insolvency, receivership or bankruptcy proceedings or any other proceedings for the settlement of Defendants' debts, all notices to creditors required to be furnished to the CFTC under Title 11 of the United States Code or other applicable law with respect to such insolvency, receivership, bankruptcy or other proceedings, shall be sent to the address below:

> Secretary of the Commission
> Office of the General Counsel
> Commodity Futures Trading Commission
> Three Lafayette Centre
> 1155 21st Street N.W.
> Washington, DC 20581

32. Notice: All notices required to be given by any provision in the Damages Consent Order shall be sent certified mail, return receipt requested, as follows:

Notice to CFTC:

    Rick Glaser
    Deputy Director, Division of Enforcement
    James H. Holl, III
    Chief Trial Attorney
    Commodity Futures Trading Commission
    1155 21st Street, NW
    Washington, D.C. 20581
    Telephone: (202) 418-5000

Notice to Defendants:

    Stanley C. Morris
    Brian T. Corrigan
    CORRIGAN & MORRIS LLP
    12300 Wilshire Blvd., Suite 210
    Los Angeles, California 90025

All such notices to the CFTC shall reference the name and docket number of this action.

33. Change of Address/Phone: Until such time as Defendants satisfies in full their Restitution Obligation and/or CMP Obligation as set forth in the Damages Consent Order, Defendants shall provide written notice to the Commission by reasonable means of any change to their telephone numbers and mailing addresses within ten calendar days of the change.

34. Entire Agreement and Amendments: The Damages Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto to date. Nothing shall serve to amend or modify the Damages Consent Order in any respect whatsoever, unless: (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

35. Invalidation: If any provision of the Damages Consent Order or if the application of any provision or circumstance is held invalid, then the remainder of the Damages Consent Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

36. Waiver: The failure of any party to the Damages Consent Order or any pool participant at any time to require performance of any provision of the Damages Consent Order shall in no manner affect the right of the party or pool participant to later enforce the same or any

other provision of the Damages Consent Order. No waiver in one or more instances of the breach of any provision contained in the Damages Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of the Damages Consent Order.

37. Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this action to ensure compliance with the Damages Consent Order and for all other purposes related to this action, including any motion by Defendants to modify or for relief from the terms of the Damages Consent Order.

38. Injunctive and Equitable Relief Provisions: The injunctive and equitable relief provisions of the Damages Consent Order shall be binding upon the following persons who receive actual notice of this consent Order by service or otherwise: (1) Defendants; (2) any officer, agent, servant, employee, or attorney of the Defendants; (3) any other person who are in active concert or participation with any persons described in subsections (1) and (2) above.

39. Authority: Gerard F. Keena, II hereby warrants that he is the court-appointed Receiver for Hyperion Consulting, Inc. and he has been duly empowered to sign and submit this Consent Order on behalf of Hyperion Consulting, Inc.

40. Counterparts and Electronic Execution: The Damages Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered (by e-mail or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to the Damages Consent Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of the Damages Consent Order.

41. Contempt: Defendants understand that the terms of the Damages Consent Order, except with respect to disgorgement and restitution, are enforceable through contempt proceedings, and that, in any such proceedings they may not challenge the validity of the Damages Consent Order.

42. Agreements and Undertakings: Defendants shall comply with all of the undertakings and agreements set forth in the Damages Consent Order.

There being no just reason for delay, the Clerk of the Court is hereby ordered to enter this *Consent Order for Civil Monetary Penalty and Other Equitable Relief* forthwith and without further notice.

**CONSENTED TO AND APPROVED BY:**

| | |
|---|---|
| **PLAINTIFF COMMODITY FUTURES TRADING COMMISSION,** | **DEFENDANTS ESHAQ M. NAWABI, individually and d/b/a NAWABI ENTERPRISE, and HYPERION CONSULTING, Inc.** |
| /s/ James H. Holl | |
| James H. Holl, III CA Bar No. 177885 | *Eshaq Nawabi* (signature) |
| Sarah Matlack Wastler | Eshaq Nawabi |
| COMMODITY FUTURES TRADING COMMISSION | Dated: February 12, 2024 |
| 1155 21st Street, NW | |
| Washington, D.C. 20581 | *Stanley C. Morris* (signature) |
| Telephone: (202) 418-5000 | Stanley C. Morris, SBN 183620 |
| jholl@cftc.gov | Brian T. Corrigan, SBN 143188 |
| swastler@cftc.gov | CORRIGAN & MORRIS LLP |
| Dated: February 12, 2024 | 12300 Wilshire Blvd., Suite 210 |
| | Los Angeles, California 90025 |
| | Telephone: 310.394.2800 |
| | scm@cormorllp.com |
| | bcorrigan@cormorllp.com |
| | Dated: February 12, 2024 |
| | |
| | Counsel to Defendant Eshaq M. Nawabi, Individually |

**RECEIVER**

_____
GERARD F. KEENA, II
2001 Milvia Street
Berkeley, California 94704
Tel:   (510) 995-0158
Fax:   (510) 244-4447

Email: gkeena@bayarearg.com
Dated: February 12, 2024

_____
Aron M. Oliner
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Tel: (415) 957 3104
Email: roliner@duanemorris.com
Dated: February 12, 2024

*Attorney for Court-Appointed Receiver
Gerard F. Keena, II*

42. Agreements and Undertakings: Defendants shall comply with all of the undertakings and agreements set forth in the Damages Consent Order.

There being no just reason for delay, the Clerk of the Court is hereby ordered to enter this *Consent Order for Civil Monetary Penalty and Other Equitable Relief* forthwith and without further notice.

**CONSENTED TO AND APPROVED BY:**

| | |
|---|---|
| **PLAINTIFF COMMODITY FUTURES TRADING COMMISSION**, | **DEFENDANTS ESHAQ M. NAWABI, individually and d/b/a NAWABI ENTERPRISE, and HYPERION CONSULTING, Inc.** |
| /s/ James H. Holl<br>James H. Holl, III CA Bar No. 177885<br>Sarah Matlack Wastler<br>COMMODITY FUTURES TRADING COMMISSION<br>1155 21st Street, NW<br>Washington, D.C. 20581<br>Telephone: (202) 418-5000<br>jholl@cftc.gov<br>swastler@cftc.gov<br>Dated: February 12, 2024 | Eshaq Nawabi<br>Dated: February 12, 2024<br><br>Stanley C. Morris, SBN 183620<br>Brian T. Corrigan, SBN 143188<br>CORRIGAN & MORRIS LLP<br>12300 Wilshire Blvd., Suite 210<br>Los Angeles, California 90025<br>Telephone: 310.394.2800<br>scm@cormorllp.com<br>bcorrigan@cormorllp.com<br>Dated: February 12, 2024<br><br>Counsel to Defendant Eshaq M. Nawabi, Individually<br><br>**RECEIVER**<br><br>*Gerard F. Keena II* (signature)<br><br>GERARD F. KEENA, II<br>2001 Milvia Street<br>Berkeley, California 94704 |

Tel:   (510) 995-0158
Fax:   (510) 244-4447
Email: gkeena@bayarearg.com
Dated:  February 14, 2024

_____

**Aron M. Oliner**
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Tel: (415) 957 3104
Email: roliner@duanemorris.com
Dated:  February 15, 2024

*Attorney for Court-Appointed Receiver Gerard F. Keena, II*

11
CONSENT ORDER OF CIVIL MONETARY PENALTY AND OTHER EQUITABLE RELIEF

1  **IT SO ORDERED, at Sacramento, California on this 3rd day of April, 2024.**

_____
CHIEF UNITED STATES DISTRICT JUDGE